IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ORLANDO BLUE FOLLET,<br><br>Defendant. | CR 17-50-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I.  Synopsis

Defendant Orlando Blue Follet (Follet) has been accused of violating conditions of his supervised release. (Doc. 24) Follet admitted to some of the alleged violations. Follet's supervised release should be revoked. Follet should be sentenced to TIME SERVED, with 56 months of supervised release to follow. During the term of Follet's supervised release, he shall be placed at a residential reentry center for up to 180 days at the direction of his probation officer.

## II.  Status

Follet plead guilty on September 25, 2017, to the offense of Abusive Sexual Contact, in violation of 18 U.S.C. § 1153(a) and § 2244(a)(5) as charged in Count 1 of the Indictment. (Doc.17) Follet was sentenced to 96 months of custody followed

by 5 years of supervised release. (Doc. 21) Follet's current term of supervised release began on August 9, 2024.

### Petition

On August 14, 2024, the United States Probation Office filed a Petition requesting that the Court revoke Follet's supervised release. (Doc. 24) The Petition alleged Follet violated the conditions of his supervised release by: (1) failing to report on August 13, 2024 to the probation office to complete his post-conviction sign-up as instructed on August 9, 2024 and August 12, 2024; (2) being in the company of a child under the age of 18 without prior written approval of the probation office on August 13, 2024;  (3) using methamphetamine on August 11, 2024; (4) consuming alcohol on August 13, 2024; (5) consuming alcohol again on August 13, 2024, following a urinalysis earlier that day that had tested positive for alcohol; and (6) using marijuana on August 13, 2024.

### Initial Appearance

Follet appeared before the Court on September 10, 2024.  Follet was represented by counsel.  Follet stated that he had read the Petition and that he understood the allegations against him.  Follet waived his right to a preliminary hearing.  The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Follet appeared before the Court on September 10, 2024. Follet admitted that he had violated the conditions of supervised release as set forth in the Petition by: (1) failing to report on August 13, 2024 to the probation office to complete his post-conviction sign-up as instructed on August 9, 2024 and August 12, 2024; (2) being in the company of a child under the age of 18 without prior written approval of the probation office on August 13, 2024; (3) using methamphetamine on August 11, 2024; (4) consuming alcohol on August 13, 2024; and (6) using marijuana on August 13, 2024. The Government moved to dismiss allegation (5), which the Court granted. Follet's admitted violations are serious and warrant revocation of his supervised release.

**Sentencing hearing**

Follet appeared before the Court on September 10, 2024. The Court continued Follet's sentencing until October 8, 2024, at 1:30 p.m. Follet's sentencing was subsequently re-set for October 9, 2024.

**Second Sentencing hearing**

Follet appeared before the Court on October 9, 2024. The Court was advised of treatment placement for Follet. The Court ordered Follet to be released on October 15, 2024, to complete a sixty-day substance abuse treatment program at Connections Corrections and re-set the final sentencing hearing for December 17, 2024.

**Final Sentencing Hearing**

Follet appeared before the Court on December 17, 2024. Follet's violations are Grade C. His criminal history category is I. Follet's underlying offense is a Class A felony. Follet could be incarcerated for up to 60 months. Follet could be ordered to remain on supervised release for up to 60 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Follet's supervised release should be revoked. Follet should be sentenced to TIME SERVED, followed by 56 months of supervised release. During the term of Follet's supervised release, he shall be placed at a residential reentry center for up to 180 days at the direction of his probation officer. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Follet that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Follet of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Follet that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Follet stated that he

wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS**:

>That ORLANDO BLUE FOLLET. has violated the conditions of his supervised release by: (1) failing to report on August 13, 2024 to the probation office to complete his post-conviction sign-up as instructed on August 9, 2024 and August 12, 2024; (2) being in the company of a child under the age of 18 without prior written approval of the probation office on August 13, 2024;  (3) using methamphetamine on August 11, 2024; (4) consuming alcohol on August 13, 2024; and (6) using marijuana on August 13, 2024.

The Court **RECOMMENDS**:

>That the District Court revoke Follet's supervised release and sentence Follet to TIME SERVED, with 56 months of supervised release to follow. During the term of Follet's supervised release, he shall be placed at a residential reentry center for up to 180 days at the direction of his probation officer.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file a written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  Section 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 19th day of December 2024.

John Johnston
United States Magistrate Judge